UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

720 Livonia Development LLC, *et al.*,

                                    Debtor.
----------------------------------------------------------------X

Chapter 7

Case No.:  19-47797-jmm

**MEMORANDUM DECISION (A) GRANTING 720 LIVONIA DEVELOPMENT LLC'S MOTION FOR SUMMARY JUDGMENT TO DISALLOW AND EXPUNGE PROOF OF CLAIM NUMBER 3 FILED BY MELUCHIM HOLDINGS LLC, AND (B) DENYING <u>MELUCHIM HOLDINGS LLC's MOTION FOR SUMMARY JUDGMENT</u>**

J. Ted Donovan, Esq.
Goldberg Weprin Finkel Goldstein LLP
125 Park Avenue
12th Floor
New York, NY 10017

*Counsel for Meluchim Holdings LLC*

Melissa A. Peña, Esq.
Norris Mclaughlin, P.A.
7 Times Square
21st Floor
New York, New York 10036

*Counsel for 720 Livonia Operations LLC*

## INTRODUCTION

Chaim Landau ("Landau") and Meluchim Holdings LLC ("Meluchim" and together with Landau, the "Claimants") assert a $500,000 general unsecured claim against 720 Livonia Development LLC (the "Livonia Debtor"). 720 Livonia Operations LLC ("Operations"), which holds membership interests in the Livonia Debtor, has moved for summary judgment seeking disallowance of the claim arguing that an adverse state court judgment entered against Landau precludes Claimants from asserting a claim in this case, and, if not barred by res judicata, the claim should be disallowed because the Claimants failed to prove the claim.

Meluchim, the sole petitioning creditor in this involuntary bankruptcy case, contends it is law of the case that its $500,000 claim is an allowed claim because the Order for Relief was a determination that Meluchim's claim was a bona fide claim as to liability and amount. Additionally, Claimants contend Operations does not have standing to object to the claim because Operations' managers did not authorize the claim objection. Moreover, Claimants argue the adverse judgment does not bar Meluchim from asserting the claim because Meluchim was not a party to the state court action. Lastly, Claimants assert they have met their burden of proof regarding the validity of the claim. Claimants have moved for summary judgment allowing the claim.

For the reasons set forth below, the Court finds that Claimants' claim is barred by the doctrine of res judicata. Meluchim, as well as Landau, is bound by the adverse judgment because Meluchim is in privity with Landau. If the claim were not barred by res judicata, the claim would be disallowed based on Claimants' failure to prove the claim by a preponderance of the evidence. Further, the law of the case doctrine does not preclude Operations from objecting to the claim and Operations has standing to bring the claim objection. Therefore, Operations'

motion for summary judgment is granted and Claimants' motion for summary judgment is denied.

## JURISDICTION AND VENUE

The Court has jurisdiction to hear and determine these contested matters under 28 U.S.C. §§ 157(a), 157(b)(1) and 1334(b), and the Eastern District of New York Standing Order of Reference, dated August 28, 1986, as amended by Order, dated December 5, 2012.  These matters are core proceedings under 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).  This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 of the Federal Rules of Bankruptcy Procedure.  Venue of this case and these matters are proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

The Debtors' Bankruptcy Case

On December 31, 2019 (the "Petition Date"), Meluchim filed involuntary petitions for relief under chapter 7 against the Livonia Debtor and MG Livonia LLC (the "MG Debtor" and together with the Livonia Debtor, the "Debtors").  *In re Livonia Development LLC*, Case No. 19-47797, ECF No. 1; *In re MG Livonia LLC*, Case No. 19-47798, ECF No. 1.  Meluchim was the sole petitioning creditor.  *Id.*  The Debtors did not respond to the involuntary petitions and on January 31, 2020, the Court entered orders for relief under chapter 7 in both bankruptcy cases.  Order for Relief under Chapter 7, Case No. 19-47797, ECF No. 5; Order for Relief under Chapter 7, Case No. 19-47798, ECF No. 5.

On February 5, 2020, Gregory Messer was appointed the interim chapter 7 trustee for each Debtor's estate.  Notice of Appointment of Trustee Gregory Messer, Case No. 19-47797, ECF No. 6; Notice of Appointment of Trustee Gregory Messer, Case No. 19-47798, ECF No. 6.

He has since qualified as the permanent chapter 7 trustee in each case.  On September 8, 2020, the Court ordered the Debtors' cases be jointly administered.  Order Granting Mot. for Joint Administration on Lead Case: 19-47797-cec 720 Livonia Development LLC with Member Case: 19-47798-cec MG Livonia LLC., Case No. 19-47797, ECF No. 26; Order Granting Mot. for Joint Administration on Lead Case: 19-47797-cec 720 Livonia Development LLC with Member Case: 19-47798-cec MG Livonia LLC., Case No. 19-47798, ECF No. 22.

As of the Petition Date, the Debtors owned real property commonly known as 720 Livonia Avenue, Brooklyn, New York (the "Real Property").  Schedule A/B Assets Real and Personal Property, Attach. 1, Case No. 19-47797, ECF No. 57.  The Debtors purchased the Real Property in June 2015 for $4,650,000.  Mot. Summ. J. Allowing Claim No. 3 on behalf of Chaim Landau, Meluchim Holdings LLC, Ex. H, Case No. 19-47797, ECF No. 128.  The Debtors held the Real Property as tenants in common with the Livonia Debtor owning a 95% interest and the MG Debtor owning a 5% interest.  *Id*.  The Real Property was encumbered by a mortgage held by Track Data Corporation.  Claims Register, Case No. 19-47797, Claim No. 4.  On December 19, 2019, the Supreme Court for the State of New York, Kings County entered a judgment of foreclosure and sale in favor of Track Data Corporation respecting the Real Property.  *Id*.

The chapter 7 trustee sold the Real Property at auction for $10,970,000.  Statement /Report of Sale of the Real Property at a Virtual Public Auction Held on December 22, 2020, Case No. 19-47797, ECF No. 56.  As of May 9, 2023, the chapter 7 trustee was holding approximately $4,635,413 for the benefit of the Livonia Debtor's estate.  May 9, 2023 Hr'g 126:40, *In re Livonia Development LLC*, Case No. 19-47797.  The chapter 7 trustee believes after payment of administrative expenses and allowed proofs of claims in full (excluding the

Meluchim/Landau POC), the chapter 7 trustee will have between $3 million to $3.5 million remaining for distribution to holders of membership interests in the Livonia Debtor.  *Id*.

On February 15, 2021, Schedules of Assets and Liabilities and a Statement of Financial Affairs were filed on behalf of the Livonia Debtor.  Schedules, Statements and Affidavit Pursuant to E.D.N.Y. LBR 1007-1(b), Case No. 19-47797, ECF No. 57.  The Schedules and Statement of Financial Affairs were signed under penalty of perjury by Yechezkel Strulovitch ("Strulovitch") as the Livonia Debtor's managing member.  *Id.*

<u>Meluchim's and Landau's Proof of Claim</u>

Landau is Meluchim's sole member.  Statement Undisputed Facts (Stipulated Between Parties) ¶ 6, Case No. 19-47797, ECF No. 123.  On November 3, 2020, Claimants filed a proof of claim, identified on the claims register of the Livonia Debtor, as amended, as Proof of Claim Number 3-2 (the "Meluchim/Landau POC").  Claims Register, Case No. 19-47797, Claim No. 3-2 at 1.  The Claimants assert they are owed $728,452.02 as of the Petition Date.  *Id.*  Claimants characterized their claim as one for repayment of a loan.  *Id.*  However, as set forth more fully below, the genesis of the claim is Landau's agreement with Strulovitch for Landau to invest $500,000 to purchase the Real Property.  The difference between the $728,452.02 claim amount and the $500,000 investment is interest, calculated at 9% per annum.  Claims Register, Case No. 19-47797, Claim No. 3-2 at 1.

Pre-Petition Date Litigation Concerning Claimants'
<u>Claims against Strulovitch and the Debtors</u>

On December 2, 2014 (approximately seven months prior to the Debtors' purchase of the Real Property), Landau caused Meluchim to fund a $500,000 cashier's check payable to CS Construction Group, LLC ("CS Construction").  Statement Undisputed Facts (Stipulated Between Parties) at ¶¶ 1-3, Case No. 19-47797, ECF No. 123.  Strulovitch was a managing

member of CS Construction. Mem. Law Opp'n Mot. Summ. J. by Meluchim Holdings LLC and

Chaim Landau for Allowance of Claim No. 3, Ex. 3 at ¶ 1, Case No. 19-47797, ECF No. 129.

*See* Mot. Summ. J. Expunding [sic] Claim No. 3 filed by Meluchim Holdings Inc. [sic] and

Chaim Landau on behalf of 720 Livonia Operations, Ex. A at ¶ 11, Ex. D at 11, Case No. 19-

47797, ECF No. 124.

On August 11, 2015 (approximately two months after the Debtors purchased the Real

Property), Landau and Strulovitch entered into a partnership agreement (the "Partnership

Agreement"). Statement Undisputed Facts (Stipulated Between Parties) at ¶ 6, Case No. 19-

47797, ECF No. 123. The Partnership Agreement acknowledges that Landau "provided five

hundred thousand dollars prior to the purchase of the [Real Property] for the purpose of

purchasing the [Real Property][] – [Strulovitch] invested approximately $950,000." Statement

Undisputed Facts (Stipulated Between Parties), Ex. C at 4, Case No. 19-47797, ECF No. 123.

Under the Partnership Agreement, Strulovitch and Landau agreed that:

> All proceeds of leasing, selling or refinancing, will be received and shared by the
> two parties proportionate to their investment in the deal.
>
> After all parties have received their money back, [Strulovitch] will receive the sum
> of seven percent of the profit in return for his developing; thereafter, profit will be
> shared proportionate to their investments.

*Id.*

Landau claims he did not receive any proceeds from the Real Property. Mot. Summ. J.

Allowing Claim No. 3 on behalf of Chaim Landau, Meluchim Holdings LLC, Attach. 1 at ¶ 18,

Case No. 19-47797, ECF No. 128. Landau also claims Strulovitch breached the Partnership

Agreement by naming the Debtors as the owners on the Real Property's deed and denying that

Landau owns an interest in the Debtors. Statement Undisputed Facts (Stipulated Between

Parties) at ¶ 9, Case No. 19-47797, ECF No. 123.

On January 29, 2016, Landau commenced an action in the Supreme Court of New York against Strulovitch and the Debtors (the "State Court Action"). Statement Undisputed Facts (Stipulated Between Parties) at ¶ 8, Case No. 19-47797, ECF No. 123. By the Complaint, Landau sought: a declaratory judgment against the Debtors and Strulovitch that Landau has an ownership interest in the Property; a money judgment against Strulovitch for damages arising from breach of contract, fraud, and breach of fiduciary duty; a constructive trust on the Real Property; a money judgment against the Debtors and Strulovitch for unjust enrichment; an accounting from Strulovitch; and an injunction restraining Strulovitch and the Debtors from transferring or encumbering the Real Property. *Id*. at ¶ 11.

Landau also brought his dispute with Strulovitch to the Beis Din (Court of Jewish Law). Mot. Summ. J. Allowing Claim No. 3 on behalf of Chaim Landau, Meluchim Holdings LLC, Attach. 1 at ¶ 3, Case No. 19-47797, ECF No. 128. The Debtors are not named as parties to that action. *Id.* On or about June 29, 2016, the Rabbinical Court approved an agreement (the "Settlement") between Landau and Strulovitch. Mot. Summ. J. Allowing Claim No. 3 on behalf of Chaim Landau, Meluchim Holdings LLC, Ex. I, Case No. 19-47797, ECF No. 128. It appears Strulovitch signed the Settlement in his individual capacity and not on behalf of the Debtors. *Id.* Under the Settlement, Strulovitch agreed to pay Landau $500,000 by July 29, 2016, in full settlement of Landau's claims. *Id.* If Strulovitch failed to pay timely, then Landau could cancel the Settlement and sue in secular court for the full amount he believed he was owed. *Id.* Apparently, Strulovitch failed to pay Landau the $500,000 by July 29, 2016, because Landau continued to prosecute the State Court Action.

The Hon. Loren Baily-Schiffman, Supreme Court of the State of New York, Kings County, conducted a bench trial in the State Court Action on July 10, 2019. Due to Strulovitch's

and the Debtors' refusal to appear for a deposition, they were precluded from testifying at trial. Statement of Undisputed Facts (Stipulated Between the Parties) on behalf of Chaim Landau, Meluchim Holdings LLC, Ex. F, Case No. 19-47797, ECF No. 126.  However, Strulovitch's and the Debtors' counsel argued that Landau was not owed money because the venture had failed and the Real Property was in foreclosure, albeit no evidence was offered that the venture had failed or was unprofitable.  *Id.*  After the close of evidence, Strulovitch and the Debtors moved for judgment as a matter of law.  *Id*. 3-4.  Justice Bailey-Schiffman granted Strulovitch's and the Debtors' motion and issued a decision and order on December 18, 2019, dismissing Landau's claims (the "State Court Judgment").  *Id*.

 Justice Baily-Schiffman dismissed Landau's claim that he has an ownership interest in the Real Property because Landau failed to prove his precise percentage ownership, stating:

> The only evidence about the parties' share of the partnership is contained in the "Partnership Agreement" which states, "the developer [Strulovitch] invested *approximately* nine hundred fifty thousand [dollars]" (emphasis added). Plaintiff has failed to prove what his interest in the partnership is, as the only evidence Plaintiff submitted was an approximation.  Accordingly, this Court cannot issue a declaratory judgment as to Plaintiff's interest as it is unknown what that interest is. Plaintiff's claim for a declaratory judgment is, therefore, dismissed.

*Id*. at 4.

Justice Baily-Schiffman dismissed Landau's breach of contract claim, which was based on Strulovitch's failure to record Landau's ownership interest in the Real Property or to pay Landau his share of the proceeds from a refinancing of the Real Property.  *Id.* at 4-5.  The Justice dismissed that claim because the Partnership Agreement did not require Strulovitch to record Landau's interest in the Real Property and Landau failed to prove that Strulovitch (or any other investor) received money from any refinancing.  *Id*.

Justice Baily-Schiffman dismissed Landau's fraud claims because Landau failed to prove his reliance on Strulovitch's statements respecting the Real Property was reasonable. *Id.* at 6. Although Justice Baily-Schiffman found Strulovitch owed a fiduciary duty to Landau, she dismissed Landau's breach of fiduciary duty claim based on Landau's failure to prove Strulovitch's misconduct or a causal relationship between the purported misconduct and Landau's damages. *Id.* at 7.

The Justice dismissed Landau's claims for constructive trust stating "[Landau] has not addressed [his] claim of constructive trust nor proven that he meets the required elements. Accordingly, Plaintiff's claim for a constructive trust is dismissed for failure of proof." *Id.* at 8. Justice Baily-Schiffman dismissed Landau's claim for unjust enrichment because, assuming Strulovitch and the Debtors were enriched, Landau failed to show Strulovitch's and the Debtors' "enrichment" was at his expense; noting the $500,000 payment to CS Construction came from Meluchim, not Landau. *Id.* at 9. The Justice dismissed Landau's claim for an accounting because he never had an ownership interest in and did not directly do business with the Debtors. *Id.*

Landau did not appeal from the State Court Judgment. Instead, two days after entry of the State Court Judgment and approximately two weeks after entry of Track Data Corporation's Judgement of Foreclosure and Sale, Meluchim filed the involuntary petitions commencing the Debtors' bankruptcy cases.

The Overseas Investors

On November 24, 2020, a group of over 120 individuals and entities (the "Overseas Investors") filed a proof of claim against the Livonia Debtor (the "Overseas Investors POC"). Claims Register, Case No. 19-47797, Claim No. 5. Operations is listed as one of the Overseas

Investors.  Overseas Investors POC, Ex. A.  Operations owns 46% of the membership interests in

the Livonia Debtor.  Mot. Summ. J. Expunding [sic] Claim No. 3 filed by Meluchim Holdings

Inc. [sic] and Chaim Landau on behalf of 720 Livonia Operations, Ex. D at 1, Case No. 19-

47797, ECF No. 124.

The Overseas Investors assert claims based on unjust enrichment, conversion,

constructive trust, equitable lien, and securities fraud and allege that Strulovitch and Mici

Oberlander ("Oberlander") defrauded over 180 people by persuading them to invest over $20

million in approximately twenty New York City properties.  Overseas Investors POC,

Addendum at ¶ 4.  More specifically, the Overseas Investors allege that Strulovitch and

Oberlander persuaded investors to invest funds to purchase and renovate real properties.  The

investors would purchase membership interests in limited liability companies.  *Id.*  The limited

liability companies were then, in turn, given a 45 or 46 percent interest in one of 22 limited

liability companies (the "Holding Companies") that held title to the real properties.  *Id.*  CSRE

LLC, an entity wholly owned by Strulovitch and Oberlander would own the remaining 54 or 55

percent of the Holding Companies' membership interests.  *Id.*  The Overseas Investors allege that

Strulovitch and Oberlander diverted the investments away from the Holding Companies to their

personal bank accounts or other entities they controlled.  *Id.* at ¶ 7.

Meluchim objected to the Overseas Investors POC alleging, among other things, that the

Overseas Investors were not creditors or equity holders of the Debtors but were merely investors

in limited liability companies that, in turn, held interests in the Debtors.  Mot.

Object/Reclassify/Reduce/Expunge Claims: Claim No. 5 on behalf of Meluchim Holdings LLC,

Case No. 19-47797, ECF No. 75.  Subsequently, the Overseas Investors withdrew the Overseas

Investors POC.  Withdrawal of Claim No. 5, Case No. 19-47797, ECF No. 98.  Notwithstanding

the claim withdrawal, Claimants do not dispute that Operations holds equity interests in the Livonia Debtor.

The 720 Livonia Debtor Operating Agreement

The Livonia Debtor Operating Agreement states it is effective as of February 10, 2015, the Livonia Debtor is owned 54% by CSRE LLC and 46% by Operations, and that CSRE shall be the Livonia Debtor's managing member.  Mot. Summ. J. Expunding [sic] Claim No. 3 filed by Meluchim Holdings Inc. [sic] and Chaim Landau on behalf of 720 Livonia Operations Ex. D at 12, Case No. 19-47797, ECF No. 124.  The Livonia Debtor Operating Agreement recites that the Livonia Debtor's purpose is to acquire and develop the Real Property.  *Id.* at § 2.  It also states it will cost $8 million to acquire and develop the Real Property, Operations shall contribute or loan $3.4 million to the Livonia Debtor and CSRE shall obtain loans secured by the Real Property for the balance.  *Id.* at § 7.

The Livonia Debtor Operating Agreement contains provisions concerning Operations' management including that Operations' members agree that Operations' business and affairs will be managed by Strulovitch and Oberlander.  *Id.* at §§ 5(b) (i), (iii), 14.  The Court has not been provided with Operations' operating agreement.

Strulovitch signed the Livonia Debtor Operating Agreement as manager of each of the Livonia Debtor, Operations, and CSRE LLC.  *Id.* at 7.  The Livonia Debtor Operating Agreement contemplates it is to be signed by Operations' members, however, the signature page for only one member – who contributed $38,760.00 and holds a .513% interest in Operations – has been provided to the Court.  Mot. Summ. J. Expunding [sic] Claim No. 3 filed by Meluchim Holdings Inc. [sic] and Chaim Landau on behalf of 720 Livonia Operations, Ex. D, Schedule B, Case No. 19-47797, ECF No. 124.

The Overseas Investors claim they replaced Strulovitch and Oberlander with Binyomin Schonberg, Raphael Baruch Elkaim, and Binyomin Halpern as Operations' managers in September 2019.  *See* Mem. Law Supp. (Further) on behalf of 720 Livonia Operations LLC, Ex. B, Case No. 19-47797, ECF No. 133.

The Claim Objection

On November 15, 2021, Operations and the other Overseas Investors objected to the Meluchim/Landau POC.  Mot. by Creditors and Equity Interest Holder for Entry of an Order, Pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedures and 11 U.S.C. §§ 105 and 502 Disallowing Claim No. 3, Case No. 19-47797, ECF No. 74.  Operations is the sole objector as the remaining Overseas Investors conceded they are not parties in interest.

Operations argues the Meluchim/Landau POC must be disallowed because Landau and Meluchim have no legal basis for asserting a claim for repayment of a loan with interest and have failed to document the claim.  *Id*. at ¶¶ 27, 30.  Operations also contends the State Court Judgment precludes Landau from asserting a claim against the Livonia Debtor.  *Id*. at ¶ 31. Further, Meluchim does not have a claim against the Livonia Debtor because any payment it made was on Landau's behalf.  *Id*. at ¶ 29.

In the alternative, Operations requests the Court subordinate the claim under Bankruptcy Code section 510(b).  *Id*. at ¶¶ 32-27.  That section requires subordination of claims related to the purchase or sale of an equity interest in a debtor to the claims and interests senior or equal to the claim or interest represented by such security.  11 U.S.C. § 510(b).

The Motions for Summary Judgment

Operations and Claimants each have moved for summary judgment.  Mot. Summ. J. Expunding [sic] Claim No. 3 filed by Meluchim Holdings Inc. [sic] and Chaim Landau on behalf

of 720 Livonia Operations, Case No. 19-47797, ECF No. 124; Mot. Summ. J. Allowing Claim

No. 3 on behalf of Chaim Landau, Meluchim Holdings LLC, Case No. 19-47797, ECF No. 128.

Claimants argue that Operations does not have standing to object to the

Meluchim/Landau POC because the claim objection was not duly authorized by Operations'

manager.  Claimants' Reply Mem. Law Further Supp. of Mot. Summ. J. at 2-3, Case No. 19-

47797, ECF No. 132.

Next, Claimants argue the Overseas Investors cannot object to the Meluchim/Landau

POC because the claim is an allowed claim by virtue of the law of the case doctrine.  Mot.

Summ. J. Allowing Claim No. 3 on behalf of Chaim Landau, Meluchim Holdings LLC at 9-10,

Case No. 19-47797, ECF No. 128.  In that regard, as Meluchim was the sole petitioning creditor,

the Order for Relief was a determination that Meluchim's claim is a bona fide claim as to

liability and amount.  *Id.*  Further, Meluchim argues it has produced evidence of its claim,

including the Partnership Agreement, the Settlement, Landau's testimony, and the Creditor

Matrix filed in the Livonia Debtor's case, which lists Meluchim as a creditor.  *Id.* at 13-14.

Although not entirely clear, it appears Claimants contend that, notwithstanding the adverse State

Court Judgment, Meluchim must have a claim against the Livonia Debtor because Meluchim

paid $500,000, and, that claim must be one for a loan repayment or reimbursement because the

State Court dismissed all other theories of recovery (such as unjust enrichment, breach of

fiduciary duty, fraud, and breach of contract).  *Id*. at 12-13.  Claimants also contend the State

Court's sole reason for dismissing Landau's unjust enrichment claim was that Meluchim was not

the plaintiff in the State Court Action.  *Id.*  Therefore, Meluchim should be permitted to assert

the unjust enrichment claim in this Court.  *Id.*

In its motion for summary judgment, Operations argues the Meluchim/Landau POC is barred by res judicata because the claim arises out of the same transaction or series of transactions as the claims in the State Court Action.  Mot. Summ. J. Expunding [sic] Claim No. 3 filed by Meluchim Holdings Inc. [sic] and Chaim Landau on behalf of 720 Livonia Operations at 6-8, Case No. 19-47797, ECF No. 124.  Operations also claims Meluchim has not proven its claim as there are no loan documents and no proof the Debtors received the $500,000.  *Id.* at 8. Lastly, Operations contends the objection to the Meluchim/Landau Claim was duly authorized by its managers.  Mem. Law Supp. (Further) on behalf of 720 Livonia Operations LLC at 4, Case No. 19-47797, ECF No. 133.

## DISCUSSION

### I.    The Law of the Case Doctrine Does Not Preclude the Court from Considering Operations' Claim Objection

Claimants contend it is the law of the case that the Meluchim/Landau POC is an allowed unsecured claim against the Livonia Debtor.  Mot. Summ. J. Allowing Claim No. 3 on behalf of Chaim Landau, Meluchim Holdings LLC at 9, Case No. 19-47797, ECF No. 128.  They argue an involuntary bankruptcy case may be commenced only by a holder of a claim against a debtor that is not the subject of a bona fide dispute as to liability or amount.  *Id.* at 10-11.  As Meluchim was the only petitioning creditor, the Order for Relief is a determination by this Court that there is no dispute concerning the liability or amount of Claimants' $500,000 claim.

The Second Circuit Court of Appeals defines the law of the case doctrine as follows:

The law of the case doctrine has two branches.  The first requires a trial court to follow an appellate court's previous ruling on an issue in the same case. *United States v. Uccio,* 940 F.2d 753, 757 (2d Cir. 1991) (citing *United States v. Cirami,* 563 F.2d 26, 32 (2d Cir. 1977)).  This is the so-called "mandate rule."  *United States v. Tenzer,* 213 F.3d 34, 39–40 (2d Cir. 2000).  The second and more flexible branch is implicated when a court reconsiders its own ruling on an issue in the absence of an intervening ruling on the issue by a higher court.  It holds "that when a court has ruled on an issue, that decision should generally be adhered to by that court in

14

subsequent stages in the same case," *Uccio,* 940 F.2d at 758, unless "cogent" and "compelling" reasons militate otherwise, *Tenzer,* 213 F.3d at 39.

*United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002).

The law of the case doctrine "'expresses the practice of courts generally to refuse to reopen what has been decided,' but it does not 'limit [a court's] power.'" *Musacchio v. U.S.*, 577 U.S. 237, 245, 136 S.Ct. 709, 716, 193, L.Ed.2d 639, 649 (2016) (quoting *Messenger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152, 1156 (1912)); *see Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."). The doctrine "does not rigidly bind a court to its former decisions but is only addressed to its good sense." *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (quoting *Higgins v. Cal. Prune & Apricot Grower, Inc.*, 3 F.2d 896, 898 (2d Cir. 1924)); *see In re Hypnotic Taxi LLC*, 543 B.R. 365, 372 (Bankr. E.D.N.Y. 2016) ("Application of law of the case is not mandatory; it is a discretionary doctrine which does not constitute a limitation on the court's power but merely expresses the general practice of refusing to reopen what has been decided.").

The Court should apply the law of the case doctrine to avoid undue prejudice. As stated by the Second Circuit Court of Appeals:

> "The decision whether or not to apply law-of-the-case is . . . informed principally by the concern that disregard of an earlier ruling not be allowed to prejudice the party seeking the benefit of the doctrine." *Id.* (citing *United States v. Birney*, 686 F.2d 102, 107 (2d Cir. 1982); *First National Bank of Hollywood v. American Foam Rubber Corp.*, 530 F.2d 450, 453 n.3 (2d Cir.), *cert. denied*, 429 U.S. 858, 50 L. Ed. 2d 135, 97 S. Ct. 157 (1976)). "Prejudice" in this context "does not mean harm resulting from the failure to adhere to the prior decision," but instead "'refers to a lack of' . . . sufficient 'opportunity to prepare armed with the knowledge that'" the prior ruling is not deemed controlling. *Id.* (quoting *Birney*, 686 F.2d at 107).

*Prisco v. A & D Carting Corp.*, 168 F.3d 593, 607 (2d Cir. 1999).

The law of the case doctrine should not preclude the Court from considering Operations objection to the Meluchim/Landau POC because Claimants have had notice of Operations' claim objection and the opportunity to respond.  Accordingly, Claimants were not deprived of an opportunity to prepare and are not unduly prejudiced.

That Operations could not be heard on the involuntary petition is a compelling reason not to apply the law of the case doctrine.  An involuntary bankruptcy case is commenced by filing the involuntary petition and serving the summons and petition on the alleged debtor.  Fed. R. Bankr. P. 1010(a).  The petitioning creditor is not required to provide notice of the petition to other creditors.  *Id.*  Only the debtor may answer or respond to an involuntary petition for relief. 11 U.S.C. § 303(d); s*ee In re MarketXT Holdings Corp*., 347 B.R. 156, 160 (Bankr. S.D.N.Y. 2006) (denying creditor's motion to dismiss involuntary bankruptcy case after entry of order for relief due, in part, on creditor's lack of standing and stating "the sufficiency of an involuntary petition may only be challenged by the debtor and not by creditors or third parties").  If the involuntary petition is not timely controverted by the debtor, the court must enter an order for relief.  11 U.S.C. § 303(h).  *See Sphere Hospitality Group, LLC v. Bella Hospitality Group LLC, (In re Bella Hosp. Grp., LLC)*, 649 B.R. 200, 205 (B.A.P. 9th Cir. 2023) (where debtor waived right to seek dismissal of involuntary case after entry of the order for relief, notwithstanding petitioning creditor was ineligible to commence involuntary case because it purchased a claim for the sole purpose of commencing the case.).

Here, the Debtors failed to respond to the involuntary petition and the Court entered the Orders for Relief without any proceedings to determine the validity of Meluchim's claims. Order for Relief under Chapter 7, Case No. 19-47797, ECF No. 5; Order for Relief under Chapter 7, Case No. 19-47798, ECF No. 5.   The Livonia Debtor may have had no economic

incentive to controvert the involuntary petition because a judgment of foreclosure and sale already had been entered.  At that point, it may have appeared there was no equity in the Real Property.  Alternatively, the Livonia Debtor may have determined a chapter 7 sale of the Real Property would be preferable to a foreclosure sale.  Regardless of the reason, the Court was required to enter Orders for Relief once the deadline for the Debtors to controvert the involuntary petitions expired.

Assuming Operations had notice of the involuntary petition and the inclination to controvert it, the Court could not have considered Operations' objection to the bona fides, liability, or amount of Meluchim's claim.  Further, the Court observes that Meluchim commenced this bankruptcy case two days after the State Court determined that Landau was owed no money by, and was not entitled to equitable relief against, the Debtors.  Therefore, Claimants' belief that they were creditors of the Debtors, entitled to file involuntary petitions for relief, may not have been reasonable.

Anecdotally, in the early stages of a bankruptcy case, the Court cannot know the legal rights and motivations of the debtor or creditors.  If an involuntary petition is not controverted by a debtor, the Court cannot know whether the petitioning creditor's claims are bona fide or whether the involuntary petition is a "friendly" involuntary, filed with a debtor's tacit consent, to prevent other creditors from enforcing their rights and remedies.

For the reasons set forth above, the Court holds that the law of the case doctrine does not preclude Operations from objecting to the Meluchim/Landau POC.

## II.  **Standard for Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7056(c), provides that summary judgment should be granted to the moving party if the Court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986) (quoting Fed. R. Civ. P. 56(c)) (internal quotation marks omitted).  A movant has the initial burden of establishing the absence of any genuine issue of material fact.  *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 255, 91 L.Ed.2d at 273.  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986).  An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.  If the movant meets its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511, 91 L.Ed.2d at 212 (internal citations omitted).  "As a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party." *Brady v. Town of Colchester*, 863 F.2d 205, 210 (2d Cir. 1988) (citing *Celotex Corp.*, 477 U.S. at 330, 106 S.Ct. at 2557, 91 L.Ed.2d at 278 (Brennan, J., dissenting)); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1304 (2d Cir. 1995); *Burrell v. City Univ. of New York*, 894 F.Supp. 750, 757 (S.D.N.Y. 1995).  "If, when viewing the evidence produced in the light most favorable to the non-movant, there is no genuine issue of material fact, then the entry of summary judgment is appropriate." *Pereira v. Cogan*, 267 B.R. 500, 506 (S.D.N.Y. 2001); *see Burrell*, 894 F.Supp. at 758 (citing *Binder v. Long Island Lighting Co.*, 933

F.2d 187, 191 (2d Cir.1991)); *see also In re Oak Rock Fin.*, *LLC*, 527 B.R. 105, 113 (Bankr.

E.D.N.Y. 2015).

### III.    Operations has Standing to Object to the Meluchim/Landau POC.

Claimants argue that Operations lacks standing to object to the Meluchim/Landau POC

because Operations' managing members did not duly authorize Operations to file the objection.

A limited liability company's operating agreement determines who may bring a legal

action on the company's behalf.  *See In re E. End Dev., LLC*, 491 B.R. 633, 638 (Bankr.

E.D.N.Y. 2013).  If the company does not have an operating agreement, New York's Limited

Liability Company Law governs.  *In re Eight of Swords, LLC*, 96 A.D.3d 839, 839, 946

N.Y.S.2d 248, 249 (2012); *Spires v. Casterline*, 4 Misc. 3d 428, 435–36, 778 N.Y.S.2d 259,

265–66 (Sup. Ct. 2004).  New York's Limited Liability Company Law does not state specifically

who may initiate a suit on behalf of a limited liability company but sets forth, generally, who has

authority to act on the company's behalf.  N.Y. Ltd. Liab. Co. Law § 401 (McKinney 2019).

Under New York law, unless the company's articles of organization provide for it to be

managed by managers, management of the limited liability company vests in its members.  *Id.*

Additionally, except as provided in the operating agreement, managers of a limited liability

company may be removed or replaced, with or without cause, by a vote of a majority in interest

of the members entitled to vote and members are permitted to provide written consent to act in

lieu of an actual vote.  N.Y. Ltd. Liab. Co. Law §§  407, 414 (McKinney 2019); *see Overhoff v.*

*Scarp, Inc.*, 2005, 12 Misc.3d 350, 360, 812 N.Y.S.2d 809, 817 (Sup. Ct. 2005).

Neither the Claimants nor Operations produced Operations' operating agreement,

assuming one exists.  The only document produced to the Court purporting to govern

Operations' management is the Livonia Debtor Operating Agreement, which provides for

Operations to be managed by Strulovitch and Oberlander.  Mot. Summ. J. Expunding [sic] Claim

No. 3 filed by Meluchim Holdings Inc. [sic] and Chaim Landau on behalf of 720 Livonia Operations Ex. D § 5(b), Case No. 19-47797, ECF No. 124.   The Livonia Debtor Operating Agreement is silent respecting the rights of Operations' members to replace the managers. Therefore, under New York law, a majority of Operations' members may vote to replace Operations' managers.  Operations has provided the Court with written consent from a majority of its members to replace Strulovitch and Oberlander with Binyomin Schonberg, Raphael Baruch Elkaim, and Binyomin Halpern as Operations' managers.  *See* Mem. Law Supp. (Further) on behalf of 720 Livonia Operations LLC, Ex. B, Case No. 19-47797, ECF No. 133.  The Claimants have not produced evidence supporting their contention that Operations' members were not permitted to replace Strulovitch and Oberlander as managers or that the vote of Operations' members did not comport with New York law.  Based on the foregoing, the Court finds that Operations has established, by a preponderance of the evidence, that it is duly authorized to object to the Meluchim/Landau POC.

Additionally, it is questionable whether Claimants have standing to seek dismissal of the claim objection based on lack of due authorization.  Where an entity's insider brings an action on behalf of that entity, a non-insider lacks standing to object to due authorization.  *See Rothman & Schneider, Inc. v. Beckerman*, 2 N.Y.2d 493, 498–99 141 N.E.2d 610, 613–14 (1957) (holding a company's officer was authorized to institute lawsuit and defendants who were "complete strangers to the corporation and actually charged with converting a portion of its assets, should not be permitted to question his authority and thereby frustrate the action."); *see also* § 4216. Authority to institute or defend suit, 9 Fletcher Cyc. Corp. § 4216 ("Generally, if a corporation does not object to an officer's lack of authority to initiate a lawsuit, a third person may not object."); *Cf.* § 8:10. Authorization to file—On behalf of corporation—Standing

to challenge authorization to file, 1 Bankruptcy Desk Guide § 8:10 ("[A] creditor lacks standing to challenge the entity's authority to file [bankruptcy] based solely on the grounds that the board of directors failed to comply with its own certificate of incorporation, bylaws, or with procedural requirements of state law.").

**IV.**    Res judicata

Operations argues the Meluchim/Landau POC must be disallowed because the Claimants are barred by res judicata from asserting claims against the Debtors.  The doctrine of res judicata, otherwise known as claim preclusion, prevents parties from re-litigating issues in a subsequent litigation that were or could have been litigated in a prior action.  *See Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 416–17, 66 L.Ed.2d 308, 314 (1980).  Under the Full Faith and Credit Clause, federal courts must apply the same preclusive effect to a state court judgment as the judgment would be given by the state in which the judgment was rendered.  *Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56, 61–62 (1984); *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 416–17, 66 L.Ed.2d 308, 314 (1980); *Burka v. N.Y.C. Transit Auth.,* 32 F.3d 654, 657 (2d Cir. 1994); *see also* 28 U.S.C. § 1738 ("[J]udicial proceedings … shall have the same full faith and credit in every court within the United States … as they have by law or usage in the courts of such State … from which they are taken.").  Accordingly, the Court will apply New York law to determine the preclusive effect of the State Court Judgment.

Under New York law, "a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding."  *Abraham v. Hermitage Ins. Co.*, 47 A.D.3d 855, 855, 851 N.Y.S.2d 608, 609 (2008); s*ee O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 429 N.E.2d

1158, 1159 (1981) ("Once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy."); *Pope v. Enzo Biochem, Inc.*, 432 F. App'x 7, 9 (2d Cir. 2011) (citing *Green v. Santa Fe Industries, Inc.*, 70 N.Y.2d 244, 253, 519 N.Y.S.2d 793, 796, 514 N.E.2d 105, 108 (1987)) (stating that a final judgement in a prior action is binding on both the parties to the action and those in privity with them).

New York courts find privity where the nonparty's interests were adequately represented in the prior litigation. *Pope*, 432 F. App'x at 9–10. Privity "include[s] those whose interests are represented by a party to the previous action and those whose own rights or obligations in the subsequent proceeding are conditioned in one way or another on, or derivative of, the rights of the party to the prior litigation." *Bayer v. City of New York*, 115 A.D.3d 897, 898, 983 N.Y.S.2d 61, 63 (2014).

If a corporation is closely held, "the judgment in an action by or against the holder of ownership in the corporation is conclusive upon the corporation except when re-litigation of the issue is justified in order to protect the interest of another owner or a creditor of the corporation." Restatement (Second) of Judgments § 59 (1982); *see Specialty Rest. Corp. v. Barry*, 236 A.D.2d 754, 755 (1997) (holding that a judgment against corporation collaterally estopped corporation's sole shareholder and officer from litigating liability because defendant's controlling status over corporation established privity as a matter of law); *Shire Realty Corp. v. Schorr*, 55 A.D.2d 356, 361 390 N.Y.S.2d 622, 626 (1977) (citations omitted) (precluding a closely held corporation from relitigating claims that all stockholders previously litigated); *McNamara*, 256 A.D. 554, 558 11 N.Y.S.2d 491, 496 (App. Div. 1939) (precluding a corporation from relitigating claims previously brought by a shareholder who held 480 of 500 shares of the corporation's stock). The

Restatement speaks to privity between shareholders and corporations – but the concept should apply equally to members of closely held limited liability companies.

The State Court Judgment precludes Claimants from asserting claims against the Livonia Debtor.  First, the State Court Judgment is a disposition on the merits because the State Court Judgment was entered after trial.  Statement Undisputed Facts (Stipulated Between Parties) at ¶ 13, Case No. 19-47797, ECF No. 123.  Second, the claims asserted in the Meluchim/Landau POC arise from the same transactions complained of in the State Court Action.  *Compare* Statement Undisputed Facts (Stipulated Between Parties) Ex. D, Case No. 19-47797, ECF No. 123, *with* Claims Register, Case No. 19-47797, Claim No. 3-2.  Both the complaint in the State Court Action and the Meluchim/Landau POC assert claims arising from Meluchim's $500,000 transfer to CS Construction and the Partnership Agreement between Landau and Strulovitch. Claimants argue their claims are different than those raised in the State Court Action because, notwithstanding Claimants' characterization of their claim as a loan, Meluchim is seeking "reimbursement" instead of repayment of a debt.  Mem. Law Opp. Mot. Summ. J. filed by 720 Livonia Operations LLC at 5, Case No. 19-47797, ECF No. 130.  Claimants' argument fails because claims for reimbursement and loan repayment – assuming those claims are different from the causes of action raised in the State Court Action – are claims that could have been raised in the State Court Action.

Third, Meluchim is in privity with Landau because Landau is Meluchim's sole member. Statement Undisputed Facts (Stipulated Between Parties) at ¶ 1, Case No. 19-47797, ECF No. 123.  Claimants argue that the State Court found there was no privity between Meluchim and Landau because the State Court Judgment states that "[n]o evidence was provided about the nature of Meluchim Holdings LLC, but it is clearly not Chaim Landau the only Plaintiff in this

action."  Statement of Undisputed Facts (Stipulated Between the Parties) on behalf of Chaim

Landau, Meluchim Holdings LLC, Ex. F 9, Case No. 19-47797, ECF No. 126.  The Court

disagrees with Claimants' analysis of the State Court Judgment.  The State Court's statement that

Meluchim is not Landau is not inconsistent with this Court's finding that Meluchim is in privity

with Landau.  After all, privity is relevant only when a party is seeking to enforce a prior

judgment against someone who was not a party to the prior action.  Based on the foregoing, the

Court holds the Meluchim/Landau POC is barred by res judicata.

## V.    <u>Claimants Have Not Evidenced the Claim</u>.

If Meluchim were not precluded by res judicata from asserting a claim against the

Livonia Debtor, the Court, nonetheless, would disallow the Meluchim/Landau POC based on

Claimants' failure to prove its claim**.**

A proof of claim executed and filed in accordance with the bankruptcy rules is prima

facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f).  "If an

objection is filed, the objecting party bears the initial burden of presenting sufficient evidence to

overcome the presumed validity and amount of the claim.  If the objecting party overcomes the

prima facie validity of the claim, then the burden shifts to the claimant to prove its claim by a

preponderance of the evidence." *In re Pinnacle Brands, Inc.*, 259 B.R. 46, 50 (Bankr. D. Del.

2001) (internal citations and quotations omitted); *see In re Wolfe*, 378 B.R. 96, 102 (Bankr.

W.D. Pa. 2007) ("While the burden of production may shift, the burden of persuasion does not.

It lies with the claimant throughout.") (citing *In re Allegheny International, Inc.*, 954 F.2d 167,

173 (3d Cir.1992)).

The Meluchim/Landau POC was filed timely in accordance with the bankruptcy rules and is prima facie evidence of its validity and amount.  Operations presented the following evidence to overcome the presumed validity and amount of the Meluchim/Landau POC:

- Landau's admission that neither he nor Meluchim loaned money to either Debtor.  Statement of Undisputed Facts (Material) ¶¶ 1-4, Case No. 19-47797, ECF No. 125.

- Landau caused Meluchim to transfer $500,000 to CS Construction, not the Debtors.  Statement of Undisputed Facts (Stipulated Between the Parties) on behalf of Chaim Landau, Meluchim Holdings LLC at ¶ 3 Case No. 19-47797, ECF No. 126.

- Landau has not seen any bank documents showing the $500,000 that was transferred to CS Construction was used to purchase the Real Property.  Statement Undisputed Facts (Stipulated Between Parties), Ex. A 19:24 – 20:10, Case No. 19-47797, ECF No. 123.

- The Partnership Agreement is between Landau and Strulovitch.  Statement of Undisputed Facts (Stipulated Between the Parties) on behalf of Chaim Landau, Meluchim Holdings LLC, Ex. C. 4, Case No. 19-47797, ECF No. 126.  Neither Meluchim nor the Debtors are parties to the Partnership Agreement.  *Id.*

The foregoing evidence is sufficient to overcome the presumed validity and amount of the Meluchim/Landau POC.

Landau and Meluchim present the following as evidence of the validity of their claim:

- The $500,000 check came from Meluchim's bank account and was made out to CS Construction.  Statement of Undisputed Facts (Stipulated Between the Parties) on behalf of Chaim Landau, Meluchim Holdings LLC at ¶¶ 3, 5, Case No. 19-47797, ECF No. 126.

- Strulovitch confirmed he is the managing member of CS Construction.  Mot. Summ. J. Expunding [sic] Claim No. 3 filed by Meluchim Holdings Inc. [sic] and Chaim Landau on behalf of 720 Livonia Operations, Ex. D ¶ 1, Case No. 19-47797, ECF No. 124.

- Landau's repeated testimony that he made a $500,000 investment to purchase the Real Property and it was his understanding that a corporation would be set up to purchase the Real Property but had not yet been formed.  Mem. Law Opp. Mot. Summ. J. filed by 720 Livonia Operations LLC, Ex. E 17:19-25; 18-2-9, Case No. 19-47797, ECF No. 130.

- Counsel for Strulovitch and the Debtors admitted they received the funds. *See* S t a t e m e n t of Undisputed Facts (Stipulated Between the Parties) on behalf of Chaim Landau, Meluchim Holdings LLC, Ex. E 16:15-17, Case No. 19-47797, ECF No. 126.

- Strulovitch conceded in the Settlement that $500,000 was owed to Landau in connection with the Real Property. Mot. Summ. J. Allowing Claim No. 3 on behalf of Chaim Landau, Meluchim Holdings LLC, Ex. I, Case No. 19-47797, ECF No. 128.

But for the State Court Judgment, those facts would be persuasive evidence that Strulovitch – not the Livonia Debtor – owes $500,000 to the Claimants. Counsel's acknowledgment in the State Court Action that Strulovitch and the Debtors received the $500,000 is not persuasive because the Court cannot determine how much money (if any) was received by the Livonia Debtor. Statement of Undisputed Facts (Stipulated Between the Parties) on behalf of Chaim Landau, Meluchim Holdings LLC, Ex. E, Case No. 19-47797, ECF No. 126.

Neither the Partnership Agreement nor the Settlement evidence the Meluchim/Landau POC because the Debtors are not parties to either of those agreements. Rather, both agreements are signed by Strulovitch individually.

Landau's repeated testimony that he believes the $500,000 was used to purchase the Property is not persuasive because it is not supported by other evidence. *Looney v. Macy's Inc.*, 588 F. Supp. 3d 328, 340 (E.D.N.Y. 2021) ("Bald assertions, completely unsupported by evidence, do not satisfy the … burden [of the party opposing summary judgment].") (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)). Claimants have not provided bank records or other documentary evidence that Landau's $500,000 was used to buy the Real Property or transferred to the Debtors.

Based on the foregoing, Claimants have failed to carry their burden of proof to establish, by a preponderance of the evidence, the amount and validity of their claim.

# **CONCLUSION**

Absent the commencement of this chapter 7 case, it is possible Track Data Corporation would have foreclosed its mortgage lien and sold the Real Property at a foreclosure sale at a significant discount. As a result of Meluchim's commencement of this involuntary bankruptcy case, the chapter 7 trustee was able to maximize the Real Property's value and create an estate sufficient to pay claims in full, with interest, and to distribute funds on account of equity. A chapter 7 case that produces a distribution to equity holders is rare and the chapter 7 trustee's results are commendable. Therefore, it is counterintuitive the Meluchim/Landau POC should be disallowed. Additionally, Landau and the Overseas Investors are similarly situated in that Strulovitch took their money and did not account for it. Yet, the Overseas Investors that are members of Operations likely will receive some compensation and Landau likely will not.

In hindsight, the State Court Judgment could appear harsh (especially considering she ruled in favor of Strulovitch after precluding Strulovitch from admitting evidence). However, this Court cannot know whether the State Court Justice was aware of Strulovitch's alleged fraud on investors. Moreover, this Court cannot know whether the State Court Justice was aware of the Real Property's high fair market value relative to Track Data Corporation's mortgage claim or that Track Data Corporation's foreclosure action was not an indication that the investment in the Real Property was a failure. Whether correct or not, this Court does not have the authority to disregard the State Court Judgment. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 1315, 75 L. Ed. 2d 206 (1983) (finding a lower court has no authority to review final judgments of a state court in judicial proceedings). Further, neither Claimant requested relief from the automatic stay to appeal the State Court Judgment.

Based on the foregoing, Claimants' motion for summary judgment is denied, Operation's motion for summary judgment is granted and the Meluchim/Landau POC is disallowed in full

and expunged.  Operations is directed to submit an order consistent with this memorandum

within fourteen days of its entry on the docket.



Dated: August 22, 2023
       Brooklyn, New York

Jil Mazer-Marino
United States Bankruptcy Judge